**Manuel NAVARRO, Petitioner—
Appellant,**

v.

**IMMIGRATION AND NATURAL-
IZATION SERVICE, Respon-
dent—Appellee.**

No. 01–15111.

D.C. No. CV–99–01025–WBS(DAD).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2002.

Decided April 8, 2002.

Before WALLACE, KOZINSKI, and
PAEZ, Circuit Judges.

MEMORANDUM *

Navarro appeals from the district
court's denial of his petition for habeas
corpus. The district court had jurisdiction
under 28 U.S.C. § 2241. We have juris-
diction over this timely appeal pursuant to
28 U.S.C. § 1291. We review the district
court's denial of this section 2241 habeas
petition de novo. *Bowen v. Hood*, 202
F.3d 1211, 1218 (9th Cir.2000), *cert. de-
nied*, 531 U.S. 1111, 121 S.Ct. 854, 148
L.Ed.2d 769 (2001). We affirm.

Navarro first argues that the con-
ditions of his confinement are or, more

---

\* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as may be provided by
Ninth Circuit Rule 36–3.

properly, were unconstitutional. He challenges the conditions at the Yuba County jail where he was detained as well as his confinement in any *county* jail. We take judicial notice of the fact that he has been moved to the United States Penitentiary at Leavenworth, Kansas. The transfer makes both of his arguments moot. *See Dilley v. Gunn,* 64 F.3d 1365, 1368–69 (9th Cir.1995). If Navarro wishes to challenge his conditions of confinement at Leavenworth, he may do so by filing another petition.

■ Navarro next argues that his detention is unconstitutional because it is effectively indefinite. His argument is that the Review Panel, in its decision not to parole him, considered only his past criminal conduct when it should have considered all of the factors outlined in 8 C.F.R. § 212.12(d)(3). He proffers that he will never be released because he cannot change his criminal record. We take judicial notice of the January 25, 2000 summary of the Cuban Review Panel's recommendation. When the Review panel considered Navarro's case, it followed the procedure outlined in section 212.12 and "weigh[ed] all of the factors for and against parole." That the "past history of criminal behavior" factor was highly influential does not mean the Review Panel did not consider other factors nor does it mean that Navarro has no chance of being paroled in the future. Navarro is therefore not being indefinitely detained. *Barrera–Echavarria v. Rison,* 44 F.3d 1441, 1450 (9th Cir.1995) (en banc).

■ Navarro also contends that the Immigration and Naturalization Service's decision to detain him for dangerousness violates his procedural and substantive due process rights. As an excludable alien, Navarro has no "procedural due process rights regarding his admission or exclusion." *Id.* at 1449. Moreover, the Cuban Review Plan is consistent with his right to substantive due process. *Id.* at 1449–50.

Navarro further argues that his continued detention violates 8 U.S.C. § 1231(a)(6). We reject this claim because the limitation on detention that was read into section 1231(a)(6) by the Supreme Court in *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 2503–05, 150 L.Ed.2d 653 (2001), applies only to cases that involve removable aliens. *See Id.* at 2495, 2500–01.

Finally, whether or not the United States violates international law by detaining Navarro is irrelevant because international law, in this case, has been displaced by United States immigration law. *Barrera–Echavarria,* 44 F.3d at 1451. Executive Order Number 13, 107, 63 Fed.Reg. 68,991 (Dec. 10, 1998), has not altered our decision in *Barrera–Echavarria* because it "does not supersede Federal statutes." *Id.* at § 6, cl. (b).

AFFIRMED